John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs Latoya Reinhold and minors S.R. and J.R.*

Robert S. Brown, State Bar No. 187845
**ROBERT S. BROWN, APC**
714 W. Olympic Blvd., Ste. 450
Los Angeles, CA 90015
Telephone: (213) 745-6300
Facsimile: (213) 261-3906

*Attorneys for Plaintiff Judy Reinhold-Tucker*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOYA REINHOLD, individually and as successor-in-interest to Kurt Reinhold; S.R. and J.R., minors, by and through their guardian *ad litem*, Latoya Reinhold, individually and as successors-in-interest to Kurt Reinhold; JUDY REINHOLD-TUCKER, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF ORANGE, a public entity; JONATHAN ISRAEL, an individual; EDUARDO DURAN, an individual, and DOES 3-20, inclusive, <br><br> Defendants. | CASE NO. 8:20-cv-02369-JLS-DFM <br><br> **SECOND AMENDED COMPLAINT FOR DAMAGES** <br> 1. Fourth Amendment (42 U.S.C. § 1983) <br> 2. Fourteenth Amendment (42 U.S.C. § 1983) <br> 3. Municipal Liability (42 U.S.C. § 1983) <br> 4. Battery (Wrongful Death and Survival Action) <br> 5. Violation of Bane Act (Cal. Civil Code § 52.1) <br> 6. Negligence (Wrongful Death and Survival Action) <br><br> **DEMAND FOR JURY TRIAL** |

///

1

## INTRODUCTION

1.      On September 23, 2020, deputies with the Orange County Sheriff's Department shot and killed Kurt Reinhold, an African-American man. The shooting is disturbing for multiple reasons.  First and foremost, Mr. Reinhold was unarmed, had not committed a crime, and never posed an imminent threat of death or serious bodily injury to the involved deputies – he was targeted for being Black. Second, his shooting and death is part of a disturbing pattern of shootings of unarmed Black men by law enforcement officers in the United States.  Finally, the deputies responsible for Mr. Reinhold's death – Jonathan Israel and Eduardo Duran – were part of the Department's Homeless Outreach Team, which disproportionately targets and detains persons of color in Orange County.

2.      For all of the above reasons, this case is in the public interest.

## COMPLAINT FOR DAMAGES

3.      Plaintiffs Latoya Reinhold, S.R., J.R., and Judy Reinhold-Tucker (all together, "Plaintiffs"), for their Second Amended Complaint against Defendants County of Orange, Jonathan Israel, Eduardo Duran, and Does 3-20, inclusive, allege as follows:

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

///

SECOND AMENDED COMPLAINT FOR DAMAGES

# PARTIES

6.     Plaintiff Latoya Reinhold is the wife of Kurt Reinhold ("Decedent").  At all relevant times, Plaintiff Latoya Reinhold is and was a resident of the County of Los Angeles, State of California.  She brings these claims individually and as co-successor-in-interest to Decedent.  Her co-successor-in-interest declaration pursuant to CCP section 377.32 is attached hereto as "Exhibit A."

7.     Plaintiffs S.R. and J.R. are the biological minor children of Decedent.  Latoya Reinhold, their mother, has been appointed their guardian *ad litem* by the Court in this litigation.  At all relevant times, Plaintiffs S.R. and J.R. are and were residents of the County of Los Angeles, State of California.  They bring their claims individually and as co-successors-in-interest to Decedent.  Their co-successor-in-interest declarations pursuant to CCP section 377.32 are attached hereto as "Exhibit B."

8.     Plaintiff Judy Reinhold-Tucker is the biological mother of Decedent.  At all relevant times, Plaintiff Judy Reinhold-Tucker is and was a resident of the County of Los Angeles, State of California.  She brings these claims in her individual capacity.

9.     At all relevant times, Defendant County of Orange ("County") is and was a municipal corporation existing under the laws of the State of California with the capacity to be sued.  The County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Orange County Sheriff's Department and its agents and employees.  The County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California.  At all relevant times, County was the employer of Defendants Israel, Duran, and Does 3-20 and is vicariously liable for their acts and omissions pursuant to California Government Code § 815.2.

///

///

///

3

10.     Defendants Jonathan Israel ("Israel") and Eduardo Duran ("Duran") are and were sworn deputies with the Orange County Sheriff's Department.  Upon information and belief, Israel and Duran are residents of the County of Orange, State of California.  At all relevant times, Israel and Duran were acting under color of law and within the course and scope of their respective duties as sheriff's deputies and with complete authority and ratification of their principal, County.

11.     Does 3-20 are sworn deputies employed by County, who were involved in the killing of Decedent.  The names of Does 3-20 are unknown to Plaintiffs at this time, who therefore sue such officers by fictitious names.  Plaintiffs will amend their Second Amended Complaint to show the true names and capacities of Does 3-20 when they have been ascertained.  At all relevant times, Does 3-20 were acting under color of law and within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, County.

12.     At all relevant times, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

13.     On October 6, 2020, Plaintiffs Latoya Reinhold, S.R., and J.R. filed a claim for damages with County pursuant to applicable sections of the California Government Code.  Plaintiffs' claims have been rejected by operation of law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

15.     On September 23, 2020, Decedent purchased an iced tea from the Liquor Market located near the intersection of S El Camino Real and E Avenida San Gabriel in San Clemente, California.

16.     Defendants Israel and Duran were parked in their patrol vehicle across the street from the Liquor Market in the parking lot of the 7-Eleven convenience store.

///

17.     During this time, Defendants Israel and Duran can be heard conversing with one another about Decedent.  It is clear from their conversation that the two of them are targeting Decedent, who exits the Liquor Mart into the parking lot when Defendants Israel and Duran first see him.  Their accents, tone of voice, and use of language (including the word "drank") clearly evidence that Defendants Israel and Duran intend to detain Decedent because he is black.

18.     Decedent comes onto the sidewalk in front of a flower mart and then proceeds to walk on the sidewalk (which dips) northbound on S El Camino Real where it intersects with E Avenida San Gabriel.  After taking three or four steps, Decedent turns around and walks back southbound on S El Camino Real and stops on the sidewalk in front of the flower mart.

19.     Defendants Israel and Duran can be heard disagreeing over whether Decedent had jaywalked.  One of the deputies states that Decedent had not jaywalked because the intersection is "controlled" while the other says "I don't know" and starts driving his patrol vehicle out of the 7-Eleven parking lot.  At this point, the deputy who claimed Decedent was not jaywalking says, "Don't make case law, Gabriel."

20.     Defendants Israel and Duran knew it was improper to detain Decedent for jaywalking at this time but nevertheless proceeded to do so.  Defendants Israel and Duran exit the 7-Eleven parking lot and pull up to Decedent, who is standing on the sidewalk in front of the flower mart.

21.     Since Defendants Israel and Duran did not have a reasonable basis to detain Decedent, it was a consensual encounter and Decedent was free to leave.  Despite this, Defendants Israel and Duran repeatedly tell Decedent to stop and threaten him by saying words to the effect of "Are you going to stop or are we going to have to make you stop?"

22.     Defendants Israel and Duran then proceed to escalate the situation with Decedent by forcing him into the street (S El Camino Real) and putting their hands on Decedent.  Defendant Duran can be seen putting his hands on Decedent multiple times in the street, with Decedent stating each time, "Don't touch me!"

5

23.     Meanwhile, in furtherance of the deputies' escalating tactics, Defendant Israel has his taser drawn.

24.     Defendants Israel and Duran continue to "close space" on Decedent and both Defendants Israel and Duran then violently tackle Decedent to the ground. Defendant Duran puts Decedent in a head lock, which restricts his ability to breathe.

25.     Defendant Duran then shoots Decedent twice in the torso, killing him. Decedent lived for a period of time before ultimately succumbing to his injuries.

26.     Decedent was unarmed, had not committed a crime, and never posed an imminent threat of serious bodily injury or death to Defendants.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment (42 U.S.C. § 1983)

(Against Defendants Israel and Duran)

27.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

28.     Defendants Israel and Duran detained Decedent without reasonable suspicion that he had committed a crime.  Defendants Israel and Duran also used excessive and unreasonable force against Decedent when they tackled him to the ground, when Defendant Duran put him in a head lock, and when Defendant Israel shot him twice and killed him.  This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

29.     As a result of the foregoing, Decedent lost his life.  Up until the time of his death, he experienced physical pain and emotional distress.

30.     The conduct of Defendants Israel and Duran was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

///

///

6

31.     Defendants Israel and Duran are liable for Decedent's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

32.     Plaintiffs Latoya Reinhold, S.R., and J.R. bring this claim in their representative capacities and seek survival damages.  Plaintiffs also seek attorney fees.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment (42 U.S.C. § 1983)

(Against Defendants Israel and Duran)

33.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

34.     Plaintiffs each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive them of life, liberty, or property in such a manner as to shock the conscience, including state actions that interfere with Plaintiffs' familial relationship with their loved one and family member, Decedent.

35.     Plaintiffs shared a strong familial relationship with Decedent.  Decedent loved and supported Plaintiff Latoya Reinhold and together the two of them raised and supported Plaintiffs S.R. and J.R.  Decedent coached S.R. and J.R.'s sports teams and helped them with school activities and coursework.  Decedent also shared a strong familial relationship with his mother, Plaintiff Judy Reinhold.  For periods of time, he lived with Plaintiff Judy Reinhold-Tucker, took her to her doctor's appointments, and helped her with household items and chores.

36.     The aforementioned actions of Defendants Israel and Duran, along with undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs or with purpose to harm unrelated to any legitimate law enforcement objective.

37.     As a result of Defendants Israel and Duran's conduct, Decedent lost his life and Plaintiffs were harmed.

38.     The conduct of Defendants Israel and Duran was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

39.     Plaintiffs Latoya Reinhold, S.R., J.R., and Judy Reinhold-Tucker bring this claim in their individual capacities and seek damages for the loss of familial relationship. Plaintiffs also seek attorney fees.

## THIRD CLAIM FOR RELIEF

### Municipal Liability (42 U.S.C. § 1983)

(Against County)

40.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.     Defendants Israel and Duran acted under color of law.

42.     The acts of Defendants Israel and Duran deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, as described above.

43.     Upon information and belief, the County has determined that the unconstitutional conduct of Defendants Israel and Duran and the bases for it was within policy.  Specifically, a final policymaker from the County has determined that Defendants Israel and Duran's detention of Decedent without reasonable suspicion (in violation of his Fourth Amendment rights) was within policy.  Moreover, a final policymaker for the County has determined that Defendants Israel and Duran's use of excessive and unreasonable force against Defendant (also in violation of his Fourth Amendment rights) was within policy.  Defendants Israel and Duran have returned to work with County and have not been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with this incident.

44.     Plaintiffs further allege that the training policies of the County were not adequate to train law enforcement officers to handle the usual and recurring situations with which they must deal.  Specifically, as evidenced by this incident, the County did not adequately train its officers with respect to when someone is considered to be jaywalking.

Defendants Israel and Duran disagreed with respect to whether or not Decedent had jaywalked, with at least one of the deputies stating that it was a "controlled intersection" and therefore Decedent had not jaywalked.  Their disagreement reflects the lack of adequate training from County with respect to what constitutes jaywalking.  Moreover, prior to this incident, the County's inadequate training with respect to jaywalking resulted in the improper and unconstitutional detention of multiple private citizens in the County by other sheriff's deputies, including without limitation those assigned to the Homeless Outreach Team.  Defendant Israel and Duran's improper detention of Decedent was part of a pattern and practice of improper detentions conducted by County deputies for jaywalking.

45.     Upon information and belief, Plaintiffs further allege that the County maintained unconstitutional customs, practices, and/or policies, including inter alia with respect to improperly targeting and detaining individuals of color.  Prior to this incident, deputies would disproportionately target and detain individuals of color, without reasonable suspicion that they had committed a crime.  Defendant County, including its relevant officials, whether named or unnamed, had actual or constructive knowledge of these deficient policies, practices, and customs, as evidenced by the data compiled by the Orange County Sheriff's Department pursuant to the requirements imposed by the Racial and Identity Profiling Act (RIPA).  According to the most recent report prepared by Racial and Identity Profiling Advisory Board, the Orange County Sheriff's Department had approximately 140 complaints reported in 2019 alone.

46.     Based on the above, Plaintiffs contend that the County is directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

## FOURTH CLAIM FOR RELIEF

### Battery (Wrongful Death and Survival Action)

### (Against All Defendants)

47.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

9

48.     Defendants Israel and Duran, while working as sheriff's deputies, and acting within the course and scope of their duties, used unreasonable and excessive force against Decedent.  As a result of the actions of Defendants Israel and Duran, Decedent was harmed and ultimately died.

49.     The County is vicariously liable for the wrongful acts of Defendants Israel and Duran pursuant to section 815.2(a) of the California Government Code.  Defendants Israel and Duran are liable for their own wrongful acts pursuant to section 820(a) of the California Government Code.

50.     The conduct of Defendants Israel and Duran was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

51.     Plaintiffs Latoya Reinhold, S.R., and J.R. bring this claim in their individual and representative capacities and seek wrongful death and survival damages.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(Against All Defendants)

52.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

53.     Defendants Israel and Duran, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Decedent, including using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

54.     When Defendants Israel and Duran detained, tackled and shot Decedent, they interfered with his civil rights, including without limitation his right to be free from unreasonable seizures, to due process, and to life, liberty, and property.

55.     Defendants Israel and Duran successfully interfered with the above civil rights of Decedent.

56.     The conduct of Defendants Israel and Duran caused Decedent's death.

57.     The County is vicariously liable for the wrongful acts of Defendants Israel and Duran pursuant to section 815.2(a) of the California Government Code.

58.     The conduct of Defendants Israel and Duran was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

59.     Plaintiffs Latoya Reinhold, S.R., and J.R. bring this claim in their representative capacities and seek survival damages, statutory damages, and attorney fees.

## SIXTH CLAIM FOR RELIEF

### Negligence (Wrongful Death and Survival Action)

(Against All Defendants)

60.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

61.     The actions and inactions of Defendants Israel and Duran described above – together with undiscovered conduct – were negligent and reckless.

62.     The following conduct, without limitation, fell below the standard of care:

    a.     The decision to detain Decedent for jaywalking;

    b.     The failure to use proper de-escalation tactics;

    c.     The decision to tackle Decedent to the ground; and

    d.     The decision to shoot Decedent two times.

59.     As a direct and proximate result of the conduct of Defendants Israel and Duran as alleged above, together with other undiscovered conduct, Decedent was harmed and ultimately died.

60.     Defendant County is vicariously liable for the wrongful acts of Defendants Israel and Duran pursuant to section 815.2(a) of the California Government Code. Defendants Israel and Duran are liable for their own wrongful acts pursuant to section 820(a) of the California Government Code.

61.     Plaintiffs Latoya Reinhold, S.R., and J.R. bring this claim in their individual and representative capacities and seek wrongful death and survival damages.

11

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A.      For wrongful death damages, in an amount to be proven at trial;

B.      For survival damages, in an amount to be proven at trial;

C.      For punitive damages against the individual defendants, in an amount to be proven at trial;

D.      For statutory damages pursuant to Cal. Civil Code § 52.1, in an amount to be proven at trial;

E.      For interest;

F.      For reasonable costs of this suit and attorneys' fees; and

G.      For such further other relief as the Court may deem just, proper, and appropriate.

Dated: March 2, 2021                      TAYLOR & RING


                                          By:  _/s/_ Neil K. Gehlawat_____
                                               John C. Taylor
                                               Neil K. Gehlawat
                                               Attorneys for Plaintiffs Latoya
                                               Reinhold, S.R., and J.R.

Dated: March 2, 2021                      ROBERT S. BROWN, APC


                                          By:  _/s/_ Robert S. Brown_____
                                               Robert S. Brown
                                               Attorneys for Plaintiff Judy Reinhold-
                                               Tucker

12

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: March 2, 2021                              TAYLOR & RING


                                                 By:  _/s/_ Neil K. Gehlawat_____
                                                     John C. Taylor
                                                     Neil K. Gehlawat
                                                     Attorneys for Plaintiffs Latoya
                                                     Reinhold, S.R., and J.R.

Dated: March 2, 2021                              ROBERT S. BROWN, APC


                                                 By:  _/s/_ Robert S. Brown_____
                                                     Robert S. Brown
                                                     Attorneys for Plaintiff Judy Reinhold-
                                                     Tucker

13

Exhibit A

1  John C. Taylor, State Bar No. 78389
2  Neil K. Gehlawat, State Bar No. 289388
   **TAYLOR & RING, LLP**
3  1230 Rosecrans Avenue, Suite 360
   Manhattan Beach, California 90266
4  Telephone: (310) 209-4100
   Facsimile: (310) 208-5052

5  *Attorneys for Plaintiffs Latoya Reinhold and minors S.R. and J.R.*

6

7  Robert S. Brown, State Bar No. 187845
   **ROBERT S. BROWN, APC**
8  714 W. Olympic Blvd., Ste. 450
   Los Angeles, CA 90015
9  Telephone: (213) 745-6300
   Facsimile: (213) 261-3906

10 *Attorneys for Plaintiff Judy Reinhold-Tucker*

11

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15 | LATOYA REINHOLD, individually and | CASE NO. 8:20-cv-02369 JLS (DFMx) |

LATOYA REINHOLD, individually and as successor-in-interest to Kurt Reinhold; S.R. and J.R., minors, by and through their guardian *ad litem*, Latoya Reinhold, individually and as successors-in-interest to Kurt Reinhold; JUDY REINHOLD-TUCKER, individually,

                        Plaintiffs,

vs.

COUNTY OF ORANGE, a public entity; JONATHAN ISRAEL, an individual; EDUARDO DURAN, an individual, and DOES 3-20, inclusive,

                        Defendants.

CASE NO. 8:20-cv-02369 JLS (DFMx)

District Judge Josephine L. Staton
Magistrate Judge Douglas F. McCormick

**DECLARATION OF LATOYA REINHOLD PURSUANT TO CCP § 377.32**

1

## <u>DECLARATION OF LATOYA REINHOLD</u>

I, Latoya Reinhold, declare:

1.    I am the spouse of decedent, Kurt Reinhold.

2.    Kurt Reinhold passed away on September 23, 2020, in San Clemente, California.

3.    No proceeding is now pending in California for administration of the decedent's estate.

4.    I am decedent's co-successor-in-interest and succeed to his interest in this action along with his two minor children (S.R. and J.R.).

5.    No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

6.    A certified copy of decedent's death certificate is attached hereto as "Exhibit 1."

I declare under oath and penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 2, 2021, in Los Angeles, California.

_____
Latoya Reinhold

DECLARATION OF LATOYA REINHOLD PURSUANT TO CCP §377.32

# Exhibit B

John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs Latoya Reinhold and minors S.R. and J.R.*

Robert S. Brown, State Bar No. 187845
**ROBERT S. BROWN, APC**
714 W. Olympic Blvd., Ste. 450
Los Angeles, CA 90015
Telephone: (213) 745-6300
Facsimile: (213) 261-3906

*Attorneys for Plaintiff Judy Reinhold-Tucker*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOYA REINHOLD, individually and as successor-in-interest to Kurt Reinhold; S.R. and J.R., minors, by and through their guardian *ad litem*, Latoya Reinhold, individually and as successors-in-interest to Kurt Reinhold; JUDY REINHOLD-TUCKER, individually, <br><br> Plaintiffs, <br> vs. <br><br> COUNTY OF ORANGE, a public entity; JONATHAN ISRAEL, an individual; EDUARDO DURAN, an individual, and DOES 3-20, inclusive, <br><br> Defendants. | CASE NO. 8:20-cv-02369 JLS (DFMx) <br><br> District Judge Josephine L. Staton <br> Magistrate Judge Douglas F. McCormick <br><br> **DECLARATION OF LATOYA REINHOLD ON BEHALF OF MINOR J.R. PURSUANT TO CCP § 377.32** |

///

///

1

## **DECLARATION OF LATOYA REINHOLD ON BEHALF OF MINOR J.R.**

I, Latoya Reinhold, declare:

1.      I am the biological mother and guardian *ad litem* for minor J.R., who is the biological son of decedent, Kurt Reinhold.

2.      Kurt Reinhold passed away on September 23, 2020 in San Clemente, California.

3.      No proceeding is now pending in California for administration of the decedent's estate.

4.      J.R. is decedent's co-successor-in-interest and succeeds to his interest in this action along with myself and his other minor child (S.R.).

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

6.      A certified copy of decedent's death certificate is attached hereto as "Exhibit 1."

I declare under oath and penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 2, 2021, in Los Angeles, California.

_____
Latoya Reinhold, on behalf of
minor J.R.

1  John C. Taylor, State Bar No. 78389
2  Neil K. Gehlawat, State Bar No. 289388
   **TAYLOR & RING, LLP**
3  1230 Rosecrans Avenue, Suite 360
   Manhattan Beach, California 90266
4  Telephone: (310) 209-4100
   Facsimile: (310) 208-5052

5  *Attorneys for Plaintiffs Latoya Reinhold and minors S.R. and J.R.*

6
7  Robert S. Brown, State Bar No. 187845
   **ROBERT S. BROWN, APC**
8  714 W. Olympic Blvd., Ste. 450
   Los Angeles, CA 90015
9  Telephone: (213) 745-6300
   Facsimile: (213) 261-3906

10 *Attorneys for Plaintiff Judy Reinhold-Tucker*

11

12                   UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15 LATOYA REINHOLD, individually and        CASE NO. 8:20-cv-02369 JLS (DFMx)
16 as successor-in-interest to Kurt Reinhold;
   S.R. and J.R., minors, by and through their  District Judge Josephine L. Staton
17 guardian *ad litem*, Latoya Reinhold,        Magistrate Judge Douglas F. McCormick
18 individually and as successors-in-interest
   to Kurt Reinhold; JUDY REINHOLD-         **DECLARATION OF LATOYA**
19 TUCKER, individually,                     **REINHOLD ON BEHALF OF**
                                             **MINOR S.R. PURSUANT TO**
20                                           **CCP § 377.32**
21               Plaintiffs,
22 vs.
23 COUNTY OF ORANGE, a public entity;
24 JONATHAN ISRAEL, an individual;
   EDUARDO DURAN, an individual, and
25 DOES 3-20, inclusive,
26
               Defendants.
27
28 ///

                                    1

### **DECLARATION OF LATOYA REINHOLD ON BEHALF OF MINOR S.R.**

I, Latoya Reinhold, declare:

1.     I am the biological mother and guardian *ad litem* for minor S.R., who is the biological daughter of decedent, Kurt Reinhold.

2.     Kurt Reinhold passed away on September 23, 2020, in San Clemente, California.

3.     No proceeding is now pending in California for administration of the decedent's estate.

4.     S.R. is decedent's co-successor-in-interest and succeeds to his interest in this action along with myself and his other minor child (J.R.).

5.     No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

6.     A certified copy of decedent's death certificate is attached hereto as "Exhibit 1."

I declare under oath and penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 2, 2021, in Los Angeles, California.

_____
Latoya Reinhold, on behalf of
minor S.R.

Exhibit 1

**CERTIFICATION OF VITAL RECORD**

# COUNTY OF ORANGE
## HEALTH CARE AGENCY

| 3052020235380 | **CERTIFICATE OF DEATH** | 3202030017901 |
|---|---|---|
| STATE FILE NUMBER | USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS VS-11 (REV 3/06) | LOCAL REGISTRATION NUMBER |

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) | | |
|---|---|---|---|---|
| KURT | ANDREAS | REINHOLD | | |

AKA, ALSO KNOWN AS—Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX |
|---|---|---|---|---|
| 03/20/1978 | 42 | | | M |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP* at Time of Death | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| CA | ███████ | YES ☒ NO ☐ UNK | MARRIED | 09/23/2020 | 1314 |

| 13. EDUCATION — Highest Level/Degree | 14/15. WAS DECEDENT HISPANIC/LATINO/a/x SPANISH? If yes, see worksheet on back | 16. DECEDENT'S RACE—Up to 3 races may be listed (see worksheet on back) | | | |
|---|---|---|---|---|---|
| BACHELOR | YES ☐ ☒ NO | BLACK | | | |

| 17. USUAL OCCUPATION — Type of work for most of life, DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| SALES PERSON | AUTO DEALERSHIP | 6 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) | | | | |
|---|---|---|---|---|
| 5001 W 59TH STREET | | | | |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| LOS ANGELES | LOS ANGELES | 90056 | 42 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state and zip) |
|---|---|
| LATOYA R REINHOLD, WIFE | 8555 EMERSON AVENUE, LOS ANGELES, CA 90045 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) | |
|---|---|---|---|
| LATOYA | R | COURTNEY | |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| WINFRED | ANDREAS | REINHOLD | GHANA |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| JUDY | MIKE | | TRINIDAD |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 10/29/2020 | INGLEWOOD PARK CEMETERY |

720 EAST FLORENCE AVENUE, INGLEWOOD, CA 90301

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| BU | ▶ DAVID CARLSON | EM87970 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| INGLEWOOD MORTUARY | FD905 | ▶ CLAYTON CHAU, MD, PHD | 10/19/2020 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| SIDEWALK | ☐ IP ☐ ER/OP ☐ DOA | ☐ Hospice ☐ Nursing Home/LTC ☐ Decedent's Home ☒ Other |

| 105. COUNTY | 104. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 106. CITY |
|---|---|---|
| ORANGE | IN FRONT OF 2222 S. EL CAMINO REAL | SAN CLEMENTE |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (a) | PENDING INVESTIGATION | | ☒ YES ☐ NO |
| | | | 20-04963-RR |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (b) | | | 109. BIOPSY PERFORMED? ☐ YES ☒ NO |
| (c) | | | 110. AUTOPSY PERFORMED? ☒ YES ☐ NO |
| (d) | | | 111. USED IN DETERMINING CAUSE? ☒ YES ☐ NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? ☐ YES ☐ NO ☐ UNK |
|---|---|

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since / (i) mm/dd/ccyy / Decedent Last Seen Alive / (ii) mm/dd/ccyy | ▶ | | |

118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH ☐ Natural ☐ Accident ☐ Homicide ☐ Suicide ☒ Pending Investigation ☐ Could not be Determined | ☐ YES ☐ NO ☐ UNK | | |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|

| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) |
|---|

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| LARRY ESSLINGER | 09/28/2020 | LARRY ESSLINGER, DEPUTY CORONER |

| STATE REGISTRAR | A | B | C | D | E | *D00011004678352* | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|

### CERTIFIED COPY OF VITAL RECORDS

\*004601319\*

STATE OF CALIFORNIA
COUNTY OF ORANGE } SS

DATE ISSUED **November 23, 2020**

This is a true and exact reproduction of the document officially registered and placed on file in the office of the VITAL RECORDS SECTION, ORANGE COUNTY HEALTH CARE AGENCY.

Nichole Quick, MD
NICHOLE QUICK, M.D.
HEALTH OFFICER
ORANGE COUNTY, CALIFORNIA

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

THE GREAT SEAL OF THE STATE · EUREKA · CALIFORNIA

COUNTY OF ORANGE · CALIFORNIA